# **<u>Exhibit Cover Sheet</u>**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

Submitted by: Defendant.

Wilhelm v. Columbia Sun Hotel, LLC.
C.A. No. _____
**Formerly Case No.:** 2025-CP-07-01865

State Court Summons, Complaint and Affidavit of Service

# Exhibit 1

ELECTRONICALLY FILED - 2025 Aug 07 10:35 AM - BEAUFORT - COMMON PLEAS - CASE#2025CP0701865

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOURTEENTH JUDICIAL CIRCUIT |
| COUNTY OF BEAUFORT ) | CIVIL ACTION NO.: 2025-CP- |
| ) | |
| Gregg Wilhelm, ) | |
| ) | |
| Plaintiff, ) | |
| v.  ) | SUMMONS |
| ) | |
| ) | |
| Columbia Sun Hotel, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

TO:    THE ABOVE-NAMED DEFENDANT:

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the subscribers at their office, 4401 Belle Oaks Drive, 3rd Floor, North Charleston, South Carolina 29405, within thirty (30) days from the service hereof, exclusive of the day of such service; except that the United States of America, if named, shall have sixty (60) days to answer from the service hereof, exclusive of such service; and if you fail to Answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

MORGAN & MORGAN

*/s/Jason A. Daigle*
Jason A. Daigle, S.C. Bar No. 73308
Brandon Boyle, S.C. Bar No. 106061
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone: (854) 222-6089
jason.daigle@forthepeople.com
brandon.boyle@forthepeople.com
***Attorneys for the Plaintiff***

August 7, 2025
North Charleston, South Carolina

1

ELECTRONICALLY FILED - 2025 Aug 07 10:35 AM - BEAUFORT - COMMON PLEAS - CASE#2025CP0701865

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOURTEENTH JUDICIAL CIRCUIT |
| COUNTY OF BEAUFORT ) | CIVIL ACTION NO.: 2025-CP- |
| ) | |
| Gregg Wilhelm, ) | |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| v. ) | **(Jury Trial Demanded)** |
| ) | |
| ) | |
| Columbia Sun Hotel, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff, by and through the undersigned counsel, complaining of the above-named Defendant, alleges unto this Honorable Court as follows:

**JURISDICTION AND VENUE**

1. Plaintiff is a citizen and resident of the State of Ohio.

2. Defendant, Columbia Sun Hotel, LLC, is a limited liability company organized and existing under the laws of the State of Georgia and maintains agents and servants in the County of Beaufort, State of South Carolina for the purpose of carrying on its business.

3. At all times relevant to the matter set forth herein, Defendant was the owner, operator and principal manager of the Hampton Inn & Suites Bluffton-Sun City hotel located at 29 William Pope Drive, Bluffton, South Carolina 29909, and was responsible for its existence and maintenance.

4. The acts and omissions complained of and the injuries that resulted occurred at the Hampton Inn & Suites Bluffton-Sun City hotel.

5. The parties and subject matter contained herein are within this Court's jurisdiction.

ELECTRONICALLY FILED - 2025 Aug 07 10:35 AM - BEAUFORT - COMMON PLEAS - CASE#2025CP0701865

6. Venue is proper because the most substantial part of the alleged acts or omissions giving rise to the cause of action occurred in Beaufort County, South Carolina.

## FACTS

7. Plaintiff paid Defendant a sum of money to rent a hotel room for two nights beginning on April 26, 2025.

8. On or about the morning of April 27, 2025, Plaintiff was seriously and permanently injured while on Defendant's premises.

9. While Plaintiff was taking a shower in his hotel bathroom, he suddenly and without warning slipped and fell due to the bathtub flooring containing a slick like surface.

10. Upon information and belief, the subject bathtub was not slip resistant under expected environmental conditions and did not contain a traction enhancing product.

11. Due to Defendant and its employees improperly maintaining and attending to the dangerous condition on the premises, Plaintiff violently fell and struck his shoulder.

12. By reason and as a consequence of the aforesaid acts and/or omissions of Defendant and its employees, Plaintiff sustained serious personal injuries.

13. As a result of these injuries, Plaintiff has incurred, and will continue to incur in the future, medical treatment and expenses, and has suffered and will continue to suffer in the future, physical and mental pain and suffering, permanent disability and impairment, emotional anguish, and a loss of enjoyment of life.

## FIRST CAUSE OF ACTION
### (Negligence/Gross Negligence/Recklessness)

14. The allegations contained in Paragraphs 1 through 13 are incorporated herein by reference as fully as if set forth herein verbatim.

15. Plaintiff was an invitee at all times while on Defendant's premises.

16. Defendant owed a duty to warn Plaintiff of hidden dangers of which Defendant knew, should have known, or in the exercise of reasonable inspection of the premises could have known.

17. Defendant further owed the duty to have the premises in a reasonably safe condition and give warning of latent or concealed perils. Defendant owed a duty of due care to discover risks and take safety precautions to warn of or eliminate foreseeable risks. Plaintiff was entitled to expect Defendant would take reasonable care to know the actual condition prevailing at the time he was on the premises and make those conditions safe.

18. Defendant had actual or constructive notice of the hazard which Plaintiff encountered through no fault of his own.

19. Defendant was negligent, grossly negligent, wanton, reckless, and breached its duties to Plaintiff in the following particulars:

   a. Failing to maintain the premises;

   b. Failing to exercise due care in the design, construction and maintenance of the subject bathtub;

   c. Failing to develop proper safety protocols;

   d. Failing to properly enforce safety protocols;

   e. Failing to do what a reasonable person or entity would have done under similar circumstances;

   f. Failing to warn of the dangerous and concealed condition;

   g. Failing to take action to correct known problems;

   h. Failing to comply with industry standards;

    i.   Failing to make the subject bathtub slip resistant under known conditions;

    j.   Failing to install a traction enhancing product;

    k.   Failing to inspect the premises; and

    l.   In such particulars as may be found through discovery or trial.

All of which were the direct and proximate cause of the damages and injuries suffered by Plaintiff herein, said acts being in violation of the statutory and common law of the State of South Carolina.

20.    As a direct and proximate result of the aforesaid negligent, grossly negligent, careless, and reckless acts and omissions of Defendant, Plaintiff suffered from severe debilitating injuries including but not limited to:

    a.   Physical pain;

    b.   Suffering;

    c.   Emotional distress;

    d.   Embarrassment and humiliation;

    e.   Loss of enjoyment of life;

    f.   Increased susceptibility to future injury;

    g.   Past and future medical expenses;

    h.   Permanent disfigurement and scarring;

    i.   Permanent mental injury;

    j.   Permanent physical injury, and;

    k.   Other injuries and damages that may be shown at trial.

21.    Plaintiff had no knowledge or reason to suspect danger with regard to the defect contained on the premises. In addition, Plaintiff exercised ordinary care for himself at all times.

ELECTRONICALLY FILED - 2025 Aug 07 10:35 AM - BEAUFORT - COMMON PLEAS - CASE#2025CP0701865

22.     Due to the reckless, willful, and wanton actions and/or omissions of Defendant, Plaintiff is entitled to recover actual and punitive damages in whatever amount the finder of fact determines.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant for actual, consequential, and punitive damages in an amount to be determined by the trier of fact, for the costs and disbursements of this action, and for such other and further relief as this Court deems just and proper.

Plaintiff demands a trial by jury on all issues so triable.

                                      **MORGAN & MORGAN**

                              */s/Jason A. Daigle*
                              Jason A. Daigle, S.C. Bar No. 73308
                              Brandon Boyle, S.C. Bar No. 106061
                              4401 Belle Oaks Drive, Suite 300
                              North Charleston, SC 29405
                              Telephone: (854) 222-6089
                              jason.daigle@forthepeople.com
                              brandon.boyle@forthepeople.com
                              ***Attorneys for the Plaintiff***

August 7, 2025
North Charleston, South Carolina

# AFFIDAVIT OF SERVICE

**State of South Carolina**          **County of Beaufort**          **Common Pleas Court**

Case Number: 2025-CP-07-01865

Plaintiff:
**Gregg Wilhelm**

vs.

Defendant:
**Columbia Sun Hotel, LLC**

For:
Morgan & Morgan (North Charleston)
4401 Belle Oaks Drive
3rd Floor (Suite 300)
North Charleston, SC 29405

Received by Palmetto Legal Gophers, LLC to be served on **Columbia Sun Hotel, LLC c/o Corporation Service Company, Registered Agent, 508 Meeting Street, West Columbia, SC 29169**.

I, Jerry Maldonado, being duly sworn, depose and say that on the **8th day of August, 2025** at **4:40 pm**, I:

served a **CORPORATION** by delivering a true copy of the **Summons; Complaint; Notice of Deposition of Defendant Columbia Sun Hotel, LLC w/Exhibit A; Plaintiff's First Set of Interrogatories to Defendant; Plaintiff's First Request for Production to Defendant; Plaintiff's First Request for Admission to Defendant** to: **Tracy Forman** as **Authorized to Accept** for **Columbia Sun Hotel, LLC**, at the address of: **508 Meeting Street, West Columbia, SC 29169**.

**Description** of Person Served: Age: 57, Sex: F, Race/Skin Color: Caucasian, Height: 5'5", Weight: 170, Hair: Brown, Glasses: Y

I certify that I am over the age of 18 and have no interest in the above action.

Subscribed and Sworn to before me on the 09 day of August, 2025 by the affiant who is personally known to me.

_____
NOTARY PUBLIC
EXP. DATE 11/14/2028

Jerry Maldonado

Palmetto Legal Gophers, LLC
www.palmettolegalgophers.com
PO Box 6108
Columbia, SC 29260
(803) 216-1621

Our Job Serial Number: LPW-2025002838

Copyright © 1992-2025 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0d

